GEORGE A. FRIESMUTH *vs.* AGAWAM MUTUAL FIRE INSURANCE COMPANY.

An application for insurance in a mutual fire insurance company stipulated that the statements therein were correct "so far as regards the risk." Another clause in the application, to which the policy was expressly made subject, provided that misrepresentation of material facts would destroy any claim for a loss The application contained an untrue representation that the property was unincumbered. *Held,* that the policy was wholly void, and that the express covenant as to the "risk" did not limit the assured's responsibility for other material misrepresentations.

A policy insuring several specific kinds of property, with a separate valuation to each, being made for an entire consideration and creating a lien on the whole property to secure the premium note, is wholly void, if the property be represented unincumbered, and part thereof be under mortgage.

If an insurance policy fails to attach because of misrepresentations of the assured, he is entitled to no return of the cash premium.

ASSUMPSIT on a policy of insurance, with a count for money

had and received.   Trial in this court before *Fletcher*, J.   The policy was dated May 26, 1849, and the plaintiff was thereby insured, for one year, " in the second class of risks against loss or damage by fire, $250 on his shop, $250 on his tools, $25 on fixtures, $800 on stock in trade, in Weymouth, being not more than three-fourths of the value of the property described in the application of said Friesmuth, dated May 15, 1849, and lodged with the secretary of this company ; and which said application shall form part of the contract, to be taken in connection with this policy."

In the application, the shop was valued at $350, the tools at $400, the fixtures at $40, the stock in trade at $1200. The application also contained sixteen printed interrogatories, to which answers were written on blank spaces opposite ; and at the end of the printed interrogatories and answers were the following printed agreements and clauses, viz : "And the said applicant covenants and agrees with said company that the foregoing is a correct description of the property requested to be insured, so far as regards the risk of the same.   The roofs are to be kept in good order, and no funnels are to pass through wooden partitions, except when well secured.   The applicant will bear in mind that the misrepresentation or suppression of material facts will destroy his claim for a damage or loss."

One of the interrogatories was : " State whether or not incumbered, to whom, and to what amount, and whether insured."   This was answered in the negative.   This was incorrect, there being at the time two mortgages, one dated January 1, 1849, from the plaintiff to Priscilla Weston and others, on the land on which the shop was afterwards built ; and the other dated April 25, 1849, from the plaintiff to Farrar & Richards, covering a portion of the tools insured.

The cash premium paid was $6.62½.   A single deposit note was given for the residue of the premium, $33.12 ; and a lien was expressly given on the whole property insured for the amount of this note.   The loss by fire, and the other facts necessary to sustain the action were not denied.   A nonsuit was entered, subject to the opinion of the whole court. If the whole court are of opinion that on the above facts

Friesmuth *v.* Agawam Mutual Fire Insurance Company.

the action can be maintained, the nonsuit is to be set aside, the defendants defaulted, and judgment entered for the plaintiff for such sum as the court shall think he is entitled to, or the case may be sent to an assessor to ascertain the amount under such rules as the court may lay down; or such other disposition made of the case as the court shall deem the rights of parties require.

*E. M. Bigelow,* for the plaintiff.

*F. W. Choate,* for the defendants.

BIGELOW, J.    It being admitted in the present case that the assured, in his application for insurance in answer to questions propounded by the defendants, represented the property on which the insurance was effected, to be free of all incumbrances, when in fact the real estate and a portion of the personal property covered by the policy were subject to distinct mortgages, the plaintiff cannot recover, unless the case at bar can be distinguished in principle from recent well considered decisions of this court.   *Vose* v. *Eagle L. & H. Ins. Co.* 6 Cush. 42 ; *Davenport* v. *N. Eng. Mut. F. Ins. Co.* 6 Cush. 340 ; *Hayward* v. *Same, ante,* 444.   The plaintiff seeks to establish a distinction between the present case and those cited, on the ground that by an express stipulation in the application the responsibility of the assured for the materiality of representations made by him is limited and confined to those which relate to the risk on the property, that is, to its exposure to fire, and that he is not answerable for any other statements made by him concerning the title to the property, the incumbrances thereon, and other matters which do not affect the risk assumed by the defendants.   The clause in the application upon which this argument is founded, is as follows : "And the said applicant covenants and agrees with said company that the foregoing is a correct description of the property requested to be insured so far as regards the risk on the same."   The plaintiff contends that this express agreement suspends, as between these parties, the general rule applicable to material representations contained in a policy, on the principle that it is competent for parties to a contract to limit and regulate their legal liabilities by distinct stipulations, and that

VOL. X.                50

all implied agreements cease when the parties resort to express contracts ; *expressum facit tacitum cessare.* Admitting, for the sake of the argument, the soundness of this position as a general rule of construction, it is not at all applicable in the present case, because, as if for the very purpose of avoiding the conclusion which the plaintiff now seeks to establish, in the clause of the application next following the agreement above cited, it is expressly stipulated that " the applicant will bear in mind that the misrepresentation or suppression of material facts will destroy his claim for a damage or loss." Construing the whole agreement together, and giving full effect to all its parts, it is manifest that the parties did not intend by any express agreement to take the case out of the ordinary rules applicable to contracts of this nature.

The plaintiff further contends that if he is not entitled to recover the whole sum for which the property was insured on account of the misrepresentation respecting incumbrances on a portion of the property, he has nevertheless a valid claim for the amount insured on the stock in trade, because the four subjects embraced in the policy, being valued separately, and a distinct sum insured on each, and there having been no in-cumbrance on the stock, there was no misrepresentation respecting this part of the property, which can affect his claim for loss thereon. But it appears to us that this argument proceeds upon a mistaken view of the nature of the contract, and the respective rights and liabilities of the parties. The contract of insurance on the part of the defendants was not distinct and separate on each class or subject embraced in the policy. It was separate and distinct only so far as to limit the extent of the risk assumed by the defendants on each kind of property. In all other respects it was an entire contract. This is manifest from the fact that the premium and deposit are designated as entire sums without any reference to the different kinds of property covered by the policy on the separate sums insured on each. There is nothing in the application or policy from which it can be ascertained how much of the deposit note was made up of the rate of insurance charged on the real estate, and how much of that on the personal

property. The consideration of the contract was regarded by the parties as an entirety of which they did not contemplate a separation or apportionment. It was in consideration of the entire sum for which the deposit note was given, and the liability of the assured to assessments on that amount in case of losses, that the defendants assumed all the risks contained in the policy. They had the right to look to their lien on each and all of the different kinds of property insured by them for the security of the whole amount of the deposit note. And such, in fact, is the express agreement of the parties in the policy by which it is stipulated, that it is " the intention of this corporation to rely upon said lien for the payment of any and all assessments on said deposit note, to the full extent of said note." This is not a case, therefore, of an insurance of different kinds or species of property to a specific amount with a separate premium and deposit charged and designated as belonging to each for which a distinct lien can be asserted; but it is an insurance for an entire consideration when the lien attaches to the whole property to secure the full amount of the deposit note. The case of *Trench* v. *Chenango County Mut. Ins. Co.* 7 Hill, 122, cited by the plaintiff's counsel, so far as it tends to support a different construction of the contract, is substantially overruled by *Wilson* v. *Herkimer County Mut. Ins. Co.* 2 Selden, 53. In this view the representation as to incumbrances on a part of the property was material, because it affected the security of the defendants both as respects the solvency of the plaintiff and the validity of their lien; and it being admitted that the statements of the plaintiff in this respect were untrue, the case comes within the principles recognized and established in previous decisions of this court already cited.

The only remaining question arises on the claim of the plaintiff to recover the amount paid as a cash premium on the policy in question. This is urged on the ground that the policy never attached for the reasons already given, and the consideration for the contract having wholly failed, the plaintiff is entitled to its return. It is very questionable whether, in policies issued by mutual insurance companies, any return

of the cash premium is recoverable. The real consideration for the insurance in mutual companies is the deposit note, and the small amount paid in cash is intended only to cover the necessary incidental expenses of maintaining the corporation and conducting its business. For this, the party insured during the existence of his policy and until its invalidity is established or admitted, receives a consideration quite adequate to the amount paid by him as a cash premium, because he is by force of his policy a member of the company, and entitled to take part in the management of its concerns. But the decisive answer in the present case to this claim on the part of the plaintiff is, that the policy is void by reason of fraudulent misrepresentation on the part of the assured. In such cases it is well settled that no return premium can be recovered. 2 Phil. on Ins. *c.* 22, § 4. *Nonsuit confirmed.*